IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR 15-236 |
| | ) CV 18-1603 |
| v. | |
| EDWARD HICKS | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty to one Count of violating 21 U.S.C. §§ 846 and 841. On August 21, 2017, Defendant was sentenced to a total term of imprisonment of 188 months, followed by a term of supervised release. Defendant did not take an appeal. On November 29, 2018, Defendant filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255. Therein, he alleges that counsel was ineffective in failing to properly challenge Defendant's career offender enhancement. Defendant was afforded notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and responded thereto; his Motion is now ripe for review. For the following reasons, Defendant's Motion will be denied.

**OPINION**

**I.  LEGAL STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter,

93 Fed. Appx. 402 (3d Cir. 2004). "To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings"; as a result, vague and conclusory allegations do not justify a hearing. David v. United States, 134 F.3d 470, 478 (1st Cir. 1998). Further, pro se pleadings are to be liberally construed, and I have considered Defendant's submissions accordingly. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

### a. Timeliness

As a threshold matter, the Government contends that Defendant's Motion is untimely. Section 2255 imposes a one-year limitation period, which runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

Under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing …." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). This rule was created because "pro se prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." Houston v. Lack, 487 U.S. 266, 273-274, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

Defendant was sentenced on August 21, 2017, and he did not take an appeal. The instant Motion was not filed until November 29, 2018, more than one year after the expiration of the

fourteen-day appeals period. The mailing envelope is postmarked November 27, 2018. The envelope bears an FCC Hazelton stamp, indicating that the "letter was processed through special mailing procedures." Defendant's Motion is signed and dated August 6, 2018, and his Brief contains a Certificate of Service indicating that it was mailed on August 6, 2018. The unexplained, lengthy time gap between August 6, 2018 and the November, 2018 postmark and filing dates are troubling.[1] For present purposes, however, Defendant's certificate will be afforded the benefit of the prison mailbox rule without further inquiry, because his Motion must be denied nonetheless.

Even if Defendant's Motion were deemed timely, it fails as a substantive matter. Defendant contends that 21 U.S.C. § 846 is not a controlled substance offense under U.S.S.G. §4B1.1, because Section 846 criminalizes a broader swath of conduct than that covered by generic conspiracy. His counsel, he suggests, was ineffective for failing to raise this argument.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced

---

[1] In Boone v. United States, No. 09-0277, 2011 U.S. Dist. LEXIS 11421, at *16 (D.N.J. Jan. 28, 2011), the Court suggested that it is the Government's burden to rebut the prison mailbox rule when a pro se litigant asserts the rule, as Defendant's Certificate of Service does here. Here, the Government states that Defendant's Motion "would not have been mailed" on November 27 if it had been placed in the prison mailing system on August 6, referring merely to "common sense and common experience" and "consultation with the prison."

defendant. Strickland, 466 U.S. at 687. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695.

Recently, in United States v. Roman, No. 18-489, 2019 U.S. Dist. LEXIS 26868, at *3 (D.N.J. Feb. 19, 2019), the defendant argued that "a conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, does not properly fall within the definition of a 'controlled substance offense' and is therefore ineligible for application of the Career Offender Guideline." The Court rejected defendant's argument, stating as follows:

> Application note 1 of the commentary to U.S.S.G. § 4B1.2 defines a "controlled substance offense" to include "aiding and abetting, conspiring, and attempting to commit such [drug or violent] offenses." …[Although courts are split regarding the impact of the Application note,] [t]he U.S. Court of Appeals sits on the pro-government side of the split…[The Court of Appeals in United States v. Hightower, 25 F. 3d 182 (3d Cir. 1994)] …upheld the application of the Career Offender Guideline to a conviction of conspiracy to distribute cocaine base, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846…I am constrained to hold that application note 1 includes, and validly so, a controlled-substance conspiracy within the definition of a controlled substance offense.

Id. at *5-9 (citations omitted).

Counsel does not have a duty to raise every possible non-frivolous claim. See, e.g., Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). Moreover, an attorney's assistance is not fatally deficient if it was reasonable based on the state of the law at the time. See, e.g., Bagley v. United States, No. 14-00098, 2019 U.S. Dist. LEXIS 31040, at *26 (W.D. Pa. Feb. 27, 2019). In this case, defense counsel challenged the career offender enhancement, although not on the grounds now urged. Given this Court's conclusion today, and the state of the law at the time of Defendant's sentence – including the Court of Appeals' decision in Hightower, as discussed in Roman – counsel's approach was reasonable, and not constitutionally deficient. Further, for

similar reasons, it is not possible to conclude that counsel's approach to the sentencing enhancement prejudiced Defendant within the meaning of Strickland.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, no certificate of appealability shall issue.

### CONCLUSION

In conclusion, Defendant has not demonstrated that counsel was constitutionally ineffective, and that he suffered prejudice, as contemplated by applicable standards. Defendant's Motion will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose, Senior Judge

Dated: May 2, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 15-236 |
| | ) CV 18-1603 |
| v. | |
| EDWARD HICKS | |

**ORDER**

AND NOW, this 2nd day of May, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

_____

Donetta W. Ambrose, Senior Judge